**In re Timoteo Roberto GONZALEZ, Debtor.**

**No. 9:08–bk–20119–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 11, 2009.

Emmanuel Perez, Emmanuel Perez & Associates PA, Coral Gables, FL, for Debtor.

## ORDER ON ORDER TO SHOW CAUSE

### (Doc. No. 10)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came before this Court upon an Order to Show Cause, entered by this Court on December 30, 2008 (Doc. No. 10), directing Emmanuel Perez, Jr., Esquire (Mr. Perez) of Emmanuel Perez & Associates, P.A., to appear before the undersigned to show cause, if he has any, to determine why his fees should not be disgorged.

On December 17, 2008, Timoteo Roberto Gonzalez (the Debtor), filed his Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code, together with the documents required under 11 U.S.C. Section 521 and Disclosure of Compensation of Attorney for Debtor. The Disclosure of Compensation reflects that Mr. Perez, as counsel for the Debtor, received the sum of $2,500.00 for legal services rendered on behalf of the Debtor in connection with the bankruptcy case filed on December 17, 2008.

On January 7, 2009, the Debtor filed Amendment to Disclosure of Compensation (Doc. No. 14). The Amended Disclosure of Compensation reflects Mr. Perez, counsel for the Debtor, received the sum of $2,050.00. On the same date, Mr. Perez filed Emmanuel Perez, Esq.'s Response to Order to Show Cause Regarding Attorney Fees (Doc. No. 15). The $2,050.00 Mr. Perez received from the Debtor prior to the filing of his Petition for Relief pursuant to Chapter 7 of the Code, was $550.00 over the amount this Court deemed to be the reasonable fee for services rendered by an attorney in a Chapter 7 case for which no formal application for compensation shall be required to be filed by this Court in the Ft. Myers Division.

This Court's decision in arriving at the sum of $1,500.00 to be the reasonable amount of fees an attorney may request for services rendered in a Chapter 7 case filed in the Fort Myers Division, was based on a primary and empirical study conducted by the Deputy Clerk who randomly selected and reviewed fees charged by various law firms in Chapter 7 cases filed in the Tampa Division. The study conducted by the Deputy Clerk revealed that the average fee charged by attorneys filing Chapter 7 cases in the Tampa Division was deemed to be $1,000.00.

Thus, it is the opinion of this Court that the maximum amount which this Court will approve as a reasonable fee charged in a case filed pursuant to Chapter 7 of the Bankruptcy Code filed in the Ft. Myers Division shall not exceed the sum of $1,500.00. Therefore, any additional legal services rendered by an attorney

in connection with a Chapter 7 case, this Court will consider the additional compensation upon the submission of a detailed application describing the services provided, the hourly rate charged, time spent on the matter and whether it is a fee for paralegal or attorney work, etc.

Accordingly, as noted above, on December 30, 2008, this Court issued an Order to Show Cause directing Mr. Emmanuel Perez to show cause, if he had any, why this Court should not order the return of any payments for services, to the extent they are determined to be excessive pursuant to Section 329(a) of the Bankruptcy Code. At the hearing on the Order to Show Cause, this Court gave Mr. Perez the opportunity to file with the Court a detailed description of the services rendered to the Debtor together with timesheets and supporting documentation to justify the sum of $2,050.00 sought for services rendered. On January 28, 2009, counsel for the Debtor filed his Notice of Filing Detailed Billing Statement (Doc. No. 25). The Detailed Billing Statement filed by Mr. Perez specifies that he spent 8.13 hours of attorney time at the rate of $250.00 per hour while representing the Debtor.

■ A review of the record in this case reveals no additional court activity, such as other hearings, contested matters or contentions that required the presence of the Debtor or his attorney at a hearing and/or mandated additional services to be provided by counsel for the Debtor. Furthermore, the entries on the docket are routine entries by the Clerk and the only possible activity involving the Debtor and their attorney which may have required additional time by counsel, would be the Order to Show Cause entered by this Court to examine the reasonableness of fees charged by Mr. Perez. Thus, it appears from the record that the case of the Debtor is a common, routine Chapter 7 case that was filed without any complications and/or any complex legal questions that would require counsel to perform additional legal research.

Thus, considering the Chapter 7 case of the Debtor and having been guided by the study conducted by the Deputy Clerk, this Court notes that the Detailed Billing Statement fails to disclose any enhancements that would require additional compensation. As noted above, the record reveals that the Chapter 7 case of the Debtor indicates normal procedures performed in a routine Chapter 7 case. Be that as it may, this Court is satisfied that there is nothing in this Chapter 7 case which warrants a departure from the reasonable fee determined by this Court and, therefore, the charge of $2,050.00 is in excess of that amount allowed and the excess amount shall be turned over to the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Emmanuel Perez, Jr., Esquire (Mr. Perez) of Emmanuel Perez & Associates, P.A. shall have fifteen (15) days from the entry of this Order to disgorge and remit the sum of $550.00 to the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the Order to Show Cause (Doc. No. 10) be, and the same is hereby, discharged.